JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anthony J. Abrams, Ph.D.

**DEFENDANTS**
City of Philadelphia, City of Philadelphia Police Officer Eric R. Burke and City of Philadelphia Police Commissioner Charles H. Ramsey

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Angelo J. Foglietta, Esquire
Foglietta, Shields & Muldoon, LLC
1528 Walnut Street, Suite 515
Philadelphia, PA 19102

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury—Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | | | 810 Selective Service |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | **PRISONER PETITIONS** | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 220 Foreclosure | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 791 Empl. Ret. Inc. Security Act | | 894 Energy Allocation Act |
| 240 Torts to Land | 443 Housing/ Accommodations / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 245 Tort Product Liability | 444 Welfare / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / 550 Civil Rights | 463 Habeas Corpus - Alien Detainee | | |
| | / 555 Prison Condition | 465 Other Immigration Actions | | |
| | [X] 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Police Brutality

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 9/3/10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Anthony J. Abrams, Ph.D., 746 Judson Street, Philadelphia, PA 19120

Address of Defendant: City of Philadelphia, One Parkway, 1515 Arch Street, 14th Floor, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: 5th & York Street, Philadelphia, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Angelo J. Foglietta, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/3/10         _____ Attorney-at-Law         25003 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/3/10         _____ Attorney-at-Law         25003 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Anthony J. Abrams, Ph.D. | : | CIVIL ACTION |
| v. | : | |
| City of Phila., City of Phila. Police Officer Eric R. Burke and City of Philadelphia Police Commissioner Charles H. Ramsey | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 9/3/10 | Angelo J. Foglietta, Esquire<br>Foglietta, Shields & Muldoon | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-1776 x101 | (215) 545-1799 | ajf@fsm-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. ABRAMS, Ph.D. : <br> 746 Judson Street : <br> Philadelphia, PA  19130 : <br> : <br> Plaintiff : <br> v. : <br> : <br> CITY OF PHILADELPHIA : <br> One Parkway : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA  19107 : <br> : <br> and : <br> : <br> CITY OF PHILADELPHIA POLICE : <br> OFFICER ERIC R. BURKE : <br> One Parkway : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA  19107 : <br> : <br> and : <br> : <br> CITY OF PHILADELPHIA : <br> POLICE COMMISSIONER : <br> CHARLES H. RAMSEY : <br> One Parkway : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA  19107 : <br> : <br> Defendants : | CIVIL ACTION <br><br> NO. <br><br><br> JURY TRIAL DEMANDED |

### *CIVIL ACTION COMPLAINT*

Plaintiff, Anthony J. Abrams, Ph.D., by and through his attorneys, Foglietta, Shields & Muldoon, LLC, does hereby file this Complaint and avers as follows:

### *I. INTRODUCTION*

1. This action is brought pursuant to §1983 of The Civil Rights Act, 42

U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution.

3. Jurisdiction against Defendants is founded on 28 U.S.C. §§ 1331 and 1343(3).

4. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. § 1367.

5. The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand ($100,000.00) Dollars.

## III. VENUE

6. All the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV. PARTIES

7. Plaintiff, Anthony J. Abrams, Ph.D., is an adult individual citizen of the Commonwealth of Pennsylvania and resident of the City of Philadelphia residing herein at the above address.

8. Defendant, City of Philadelphia, is a municipality organized by and through the Commonwealth of Pennsylvania.

9. Defendant, Police Officer Eric R. Burke, is a City of Philadelphia Police Officer employed by and an agent of the City of Philadelphia. Defendant, Officer Eric R.

Burke, is sued in his individual and official capacities.

10. Defendant, City of Philadelphia Police Commissioner Charles H. Ramsey, is the Commissioner of the City of Philadelphia Police Department and is responsible for promulgation and enforcement of all policies, customs and practices regarding the City of Philadelphia Police Department.

### V.  *FACTS*

11. At all times relevant hereto, Dr. Abrams was a participant in the federally funded Motivational Interviewing Study of the University of New Mexico's Center on Alcoholism, Substance Abuse and Addictions interviewing individuals as part of the study.

12. On or about Monday, March 8, 2010, at approximately 5:30 p.m. – 6:00 p.m., plaintiff Anthony J. Abrams, Ph.D., was lawfully at the intersection of 5th & York Streets in the City of Philadelphia for a pre-arranged meeting with a patient/client of his that Dr. Abrams was interviewing, as part of the aforesaid Motivational Interviewing Study.

13. Dr. Abrams was attempting to locate this aforementioned patient/client and had just spoken to an unknown woman at the location who told him that she would be able to locate his patient/client.

14. Dr. Abrams followed this unknown woman around a corner at which point she asked for money to take Dr. Abrams to see his patient/client.

15. After some discussion, Dr. Abrams did provide this unknown woman with $20.00 at which time she proceeded to walk away.

3

16. Dr. Abrams followed her for a short period and asked for his money back and she refused.

17. At that time, Dr. Abrams decided to leave and began walking back to his car.

18. At that time, the Defendant Police Officer, Eric R. Burke, pulled up in his police vehicle and exclaimed in a loud voice to Dr. Abrams, "you, get over here."

19. Dr. Abrams immediately complied.

20. Officer Burke then asked Dr. Abrams what he was doing there and Dr. Abrams advised him that he was looking for a woman who was a patient/client of his and that he was a psychologist.

21. Immediately thereafter and with no provocation, Officer Burke forcefully threw Dr. Abrams to the ground banging his head on the street. He then placed his foot on Dr. Abrams head and said "tell me what you're doing here or I'll kick your fucking head in."

22. Dr. Abrams then pleaded for Defendant Police Officer Burke to stop beating him and indicated again what he had just told him.

23. Defendant Officer Burke then continued to assault and curse the plaintiff.

24. Defendant Officer Burke kicked Dr. Abrams in the face several times. He then pulled Dr. Abrams up by his shoulders and punched him in the eye which caused Dr. Abrams to fall to the ground again.

25. As a direct and proximate result thereof, the Plaintiff began to bleed profusely.

26.    At no time did Defendant Officer Burke ask for any identification or notify the Plaintiff Dr. Abrams that he had committed a crime or he was under arrest.

27.    At no time was Plaintiff Dr. Abrams uncooperative, disrespectful or, in any way, oppositional or defiant.

28.    As a direct and proximate result of Defendant Officer Burke's unlawful assault upon the Plaintiff, the Plaintiff was severely injured and sustained, *inter alia*, a crushed orbital floor bone of the eye socket which required surgical repair and necessitated a metal implant behind the eyeball. He also sustained injuries to his right hand and wrist.

29.    As a further direct and proximate result of the assault by Defendant Officer Burke on the Plaintiff Dr. Abrams, he continues to see double at times through his right eye, and experiences headaches and has pain, stiffness, and swelling in his right hand/wrist.

30.    Plaintiff's severe, debilitating and permanent injuries were a direct and proximate result of the City of Philadelphia's policies, customs and practices regarding the City of Philadelphia Police Department over which Defendant Police Commissioner Charles H. Ramsey has responsibility.

31.    At all times relevant to this cause of action, Plaintiff was employed as the Director of Mental Health Services at the Bucks County Correctional Facility.

32.    As a direct and proximate result of the actions of the Defendants herein as outlined above, Plaintiff was forced to miss substantial time from work, all to his economic detriment.

33. In an attempt to cover-up their unlawful conduct and in violation of Plaintiff's rights and freedoms, Defendant Burke along with the other City of Philadelphia Police Department Defendants and as a Police Officer employed by the Defendant City of Philadelphia swore out criminal complaints against Plaintiff for Aggravated Assault, Simple Assault, Recklessly Endangering Another Person (REAP), Resisting Arrest and Disorderly Conduct/Fighting, when Defendant Burke knew that Plaintiff had not committed any crime.

34. Said Defendant thereupon prepared all Police Reports and/or gave false statements, which he knew would be forwarded to a prosecuting attorney and relied upon by the prosecuting attorney in deciding whether to prosecute the Plaintiff and, if so, the manner in which Plaintiff's prosecution should be handled. In preparing and giving said reports and statements, said Defendant acted maliciously and willfully, in violation of Plaintiff's rights and freedoms.

35. After an investigation, each and every one of those charges were subsequently dismissed against the Plaintiff by the District Attorney of the City of Philadelphia.

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983

#### PLAINTIFF V. DEFENDANT POLICE OFFICER ERIC R. BURKE

36. Plaintiff adopts and incorporates Paragraphs 1 through 35 as fully as though same were set forth herein at length.

37. Defendant Police Officer Eric R. Burke used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and his rights under the Constitution including 42

U.S.C. § 1983 and the laws of the Commonwealth of Pennsylvania.

38. Without any justification or provocation, Defendant Police Officer Eric R. Burke willfully and maliciously caused the Plaintiff to suffer severe injuries including, but not limited to, a crushed orbital floor bone (eye socket) which necessitated surgical repair and a metal implant behind Plaintiff's eyeball which said injury continues to cause Plaintiff to see double out of his right eye. This injury continues to date and may continue to exist for an indefinite time in the future.

39. As a direct and proximate result of the aforesaid acts of Defendant Police Officer Eric R. Burke committed under color of his authority as a City of Philadelphia Police Officer, Plaintiff suffered grievous bodily injury which is a violation by said Defendant of the laws and Constitution of the United States, in particular, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States all of which makes said Defendant liable to Plaintiff.

40. The acts committed by Defendant as outlined above constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff which caused the previously described injuries to the Plaintiff in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against Defendant Police Officer Eric R. Burke in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, costs, attorney's fees and punitive damages.

## COUNT II
## BATTERY

### PLAINTIFF V. DEFENDANT POLICE OFFICER ERIC R. BURKE

41. Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 40 as fully as though same were set forth herein at length.

42. Said Defendant, without provocation, justification, permission or cause, did commit battery upon the person of the Plaintiff by deliberately beating the Plaintiff without any just provocation, justification, permission or cause as outlined previously.

43. As a direct and proximate result of Defendant's battery, Plaintiff suffered the injuries aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Police Officer Eric R. Burke in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, costs, attorney's fees and punitive damages.

## COUNT III
## ASSAULT

### PLAINTIFF V. DEFENDANT POLICE OFFICER ERIC R. BURKE

44. Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 43 herein as fully as though same were set forth at length.

45. Defendant, without provocation, justification, permission or cause did commit an assault upon the person of the Plaintiff by deliberately beating the Plaintiff without any just provocation, justification, permission or cause as outlined previously.

46. As a direct result of Defendant's assault, Plaintiff suffered the injuries aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Police Officer Eric R. Burke in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, costs, attorney's fees and punitive damages.

### COUNT IV
### VIOLATIONS OF 42 U.S.C. § 1983
### FAILURE TO TRAIN

#### PLAINTIFF V. DEFENDANTS CITY OF PHILADELPHIA AND POLICE COMMISSIONER CHARLES H. RAMSEY

47.	Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 46 as fully as though same were set forth herein at length.

48.	Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey failed to properly train and supervise Defendant Police Officer Eric R. Burke.

49.	As such, said Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violations of the constitutional rights of the citizens of the City of Philadelphia, Commonwealth of Pennsylvania.

50.	Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey's failures were the moving force behind the actions of Defendant Police Officer Eric R. Burke resulting in the severe and debilitating injuries of the Plaintiff aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, costs, attorney's fees and punitive damages.

## COUNT V
## VIOLATIONS OF 42 U.S.C. § 1983

### PLAINTIFF V. DEFENDANTS CITY OF PHILADELPHIA AND POLICE COMMISSIONER CHARLES H. RAMSEY

51. Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 50 as fully as though same were set forth herein at length.

52. Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights.

53. Said Defendants' policies and customs encouraged Police Officer Eric R. Burke to believe that he could violate the constitutional rights of the Plaintiff herein with impunity and with the explicit or tacit approval of Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey.

54. Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey's policies and customs were a direct and proximate cause of injuries suffered by the Plaintiff herein.

WHEREFORE, Plaintiff demands judgment against Defendants City of Philadelphia and Police Commissioner Charles H. Ramsey in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, costs, attorney's fees and punitive damages.

## COUNT VI
## SUPPLEMENTAL STATE CLAIMS

### PLAINTIFF V. ALL DEFENDANTS

55. Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 54 as fully as though same were set forth herein at length.

56. The acts and conduct of the Defendants herein, including Police Officer Eric R. Burke, City of Philadelphia Police Commission Charles H. Ramsey and The City of Philadelphia, in this cause of action constitute, *inter alia*, assault, battery, defamation, invasion of privacy, intentional infliction of emotional distress, false arrest, false imprisonment, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff demands judgment against all Defendants herein in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for interest, compensatory damages, costs, attorney's fees and punitive damages.

### *JURY TRIAL DEMAND*

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**FOGLIETTA, SHIELDS & MULDOON, LLC**

By: _____
ANGELO J. FOGLIETTA, ESQUIRE
ajf@fsm-law.com
1528 Walnut Street, Suite 515
Philadelphia, PA 19102
(215) 545-1776 x101
(215) 545-1799 – Fax

*Attorney for Plaintiff
Anthony J. Abrams, Ph.D.*

Date: September 3, 2010